**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**ROBERT C. McALONEY,**

       **Petitioner,**

**v.**                                                                         **Case No. 5:07cv9**
                                                                            **(Judge Stamp)**

**WARDEN, DOMINIC GUTIERREZ,**

       **Respondent.**

## REPORT AND RECOMMENDATION

On January 18, 2007, *pro se* petitioner initiated this case by filing an Application for Habeas corpus Pursuant to 28 U.S.C. § 2241. In the petition, the petitioner asserts that the Federal Bureau of Prisons (BOP) violated his due process and equal protection rights when it found him ineligible for a sentence reduction under the 500 Hour Residential Drug Abuse Treatment Program (RDAP). In addition, the petitioner alleges that the BOP violated the Administrative Procedures Act (APA). Upon a preliminary review of the file on March 13, 2007, the undersigned found that summary dismissal was not warranted at that time and the respondent was directed to file a response to the petition. On April 10, 2007, the respondent filed a Notion to Dismiss and Return on Petition for Writ of habeas Corpus. On April 11, 2007, a Roseboro Notice was issued and on May 4, 2007, the petitioner filed a response consolidated with a Motion for Summary Judgment. This matter is before the undersigned for a report and recommendation pursuant to LR PL P § 83.01, et seq.

### I. Factual and Procedural Background

Petitioner is currently incarcerated at the Federal Correctional Institution (FCI) in Morgantown, West Virginia as the result of his conviction in the United States District Court for the District of Columbia. Specifically, petitioner was convicted of Conspiracy to Manufacture and

Distribute Perchlorate Explosive Material without a License in violation of 18 U.S.C. § 842(a)(1) and § 371; Manufacturing and Distributing Perchlorate Explosive Materials without a License in violation of 18 U.S.C. § 842(a)(1); Conspiracy to Engage in the Transportation of Explosive Materials in violation of 18 U.S.C. § 842(i)(1)(2) and 371; Transportation and Receipt of 1.3g Explosive Material in Interstate Commerce by one without a Federal License in violation of 18 U.S.C. § 842(a)(3)(A); and Transportation and Receipt of 1.3g Explosive Materials in Interstate Commerce by a Convicted felon in violation of title 18 U.S.C. § 842(i)(1) and 844(a). (Doc. 6-3, p. 4-5). On October 4, 2005, petitioner was sentenced to a 41 month term of imprisonment on each count to be served concurrently, to be followed by a 3-year term of supervised release. (Doc. 6-3, p. 6). In addition, the sentencing court recommended that petitioner be placed in a drug treatment program during his term of incarceration. (Id.).

Petitioner began serving his sentence at FCI Morgantown on November 15, 2005. (Doc. 6-3, p. 11). On January 11, 2006, petitioner was reviewed for eligibility for the Residential Drug Abuse Program. Although he qualified for admission to the program, staff determined that petitioner was not eligible for early release consideration pursuant to 18 U.S.C. § 3621(e)(2)(B) because of his current convictions. (Doc. 6-3, p. 15). On January 29, 2006, petitioner submitted an Inmate Request to Staff member explaining his conduct in his current convictions and arguing that he should not be deemed ineligible for early release. (Doc. 6-3, p. 16).

Despite the fact that he was deemed ineligible for early release, petitioner entered the RDAP. (Doc. 6-3, p. 17). Petitioner then satisfied the administrative remedy process and initiated this action. On August 3, 2007, the petitioner completed the 500 hour Comprehensive Drug Treatment Program.(Doc. 9, pg. 3).

## II. Contentions of the Parties

### A. Petitioner

Petitioner asks that this Court to order the BOP, via the Warden, to grant him the one year sentence reduction for successful completion of the RDAP or order the BOP to re-evaluate his eligibility for early release. In support of his request, petitioner alleges that:

1) His 5th Amendment rights to due process and equal protection are being violated because he is being denied a one-year sentence reduction despite the fact that his convictions were not for crimes of violence.

2) The procedure followed by the BOP in denying the petitioner a one-year sentence reduction violates the APA because the BOP did not provide adequate notice and opportunity for public comment before promulgating the applicable regulation and program statement.

### B. Respondent

The respondent argues that the petition must be dismissed because;

1) Petitioner does not have a liberty interest in early release;

2) Petitioner's equal protection claim has no merit;

3) The 1997 Regulation was validly promulgated in compliance with the APA;

4) The BOP has discretion to categorically deny early release to inmates convicted of certain offenses.

## III. Standard of Review

### A. Motion to Dismiss

In ruling on a motion to dismiss the Court must accept as true all well-pleaded factual allegations. Walker v. True, 399 F.3d 315 (4th Cir. 2005). Furthermore, dismissal for failure to state

3

a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear, as a matter of law, that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41, 4506 (1957).

**B. Summary Judgment**

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 91977). So too, has the Fourth Circuit Court of Appeals. Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991). Pursuant to Rule 56c of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. Federal Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242-252 (1986). To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather

4

than encourage mere speculation. Anderson, 477 U.S. at 248. It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Industrial Co. V. Zenith Radio Corp., 475 U.S. 574, 587-88 1986).

## IV. Analysis

**1. Overview of the RDAP**

The RDAP is provided by the BOP, pursuant to Title 18 U.S.C. § 3621. According to that Statute, the BOP is directed to "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). The RDAP is "a course of individual and group activities provided by a team of drug abuse treatment specialists and the drug abuse treatment coordinator in a treatment unit set apart from the general population, lasting a minimum of 500 hours over a six to twelve -month period. " 28 C.F.R. § 550.56.

In order to qualify for participation in the RDAP, an inmate must meet all of the following criteria:

> (1) The inmate must have a verifiable documented drug abuse problem.
>
> (2) The inmate must have no serious mental impairment which would substantially interfere with or preclude full participation in the program.
>
> (3) The inmate must sign an agreement acknowledging his/her program responsibility.
>
> (4) Ordinarily, the inmate must be within thirty-six months of release.
>
> (5) The security level of the residential program institution must be appropriate for the inmate.

28 C.F.R. § 550.56(a).

In order to give inmates an additional incentive to participate in the RDAP, Congress has authorized the BOP to grant sentence reductions of up to one (1) year for those who successfully complete the program. This authority comes from Section 3621(e)(2)(B), which provides as follows:

> The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be for more than one year from the term the prisoner must otherwise serve.

Congress did not define the term "prisoner convicted of a nonviolent offense." In a first attempt to construe the Statute, the BOP promulgated a Regulation, which defined the term "nonviolent offense," as employed in Section 3621(e)(2)(B), in the negative, by incorporating the following statutory definition of "crime of violence:

> An inmate who completes a residential drug abuse treatment program during his or her current commitment may be eligible for early release by a period not to exceed 12 months, in accordance with paragraph (a) of the section...**unless the inmate's current offense is determined to be a crime of violence** as defined in 18 U.S.C. § 924(c)...

28 C.F.R. § 550.58 (emphasis added). See also Pelissero v. Thompson, 170 F.3d 442, 444 (4th Cir. 1999).

According to Title 18 U.S.C. § 924(c)(3), the term "crime of violence" is defined as:

[A]n offense that is a felony and-

(A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in committing the offense.

On July 24, 1995, the BOP issued Program Statement ("P.S.") 5162.02 which, in section 7,

6

offered a list of offenses which the Bureau considered crimes of violence. Inmates who fell under any of these categories of offenses were systematically excluded from eligibility for early release.

Included within that section are convictions under Title 18 U.S.C. § 842 (explosive materials).

However, the BOP's interpretation of a crime of violence was challenged as a valid interpretation of Regulation 550.58. Because the Circuits split on the validity of Program Statement 5162.02, the BOP modified its offense classification scheme for determining an inmate's eligibility for early release by amending 28 C.F.R. § 550.58, and its Program Statements. The Regulation was amended, and published as an "interim rule," on October 9, 1997. See, Early Release Consideration, 62 Fed. Reg. 53,690 (1997). The amended Regulation, which was adopted according to a notice and comment procedure, no longer incorporated the definition of a "crime of violence," as contained in Section 924(c). Instead, the new Section 550.58(a) states that inmates, who are convicted of nonviolent offenses, may be eligible for a sentence reduction, but it sets forth a listing of "[a]dditional early release criteria," as follows:

> (1) As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release:
>
> (vi) Inmates whose offense is a felony:
> (A) That has as an element, the actual, attempted or threatened use of physical force against the person or property of another, or
> (B) That involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including explosive material or explosive device)...

28 C.F.R. § 550.58. The final version of the Regulation was adopted on December 22, 2000. See 65 Fed. Reg. 80745.

In addition, on October 9, 1997, the BOP promulgated a new Program Statement-P.S.

5162.04, entitled "Categorization of Offenses" which provides that "[a]n inmate will be denied the benefits of certain programs if his or her offense is either a crime of violence or an offense identified at the discretion of the Director of the Bureau of Prisons." Section Six of that Program Statement contains a list of criminal offenses that are crimes of violence in all cases. Again included, are convictions under Title 18 U.S.C. § 842 (explosive materials), and it is this provision under which the petitioner was deemed ineligible for early release.

**2.    Petitioner's Due Process Claim**

In the petition, Petitioner asserts that the BOP's decision that he was not eligible for the one-year sentence reduction is a violation of his right to due process. This claim is without merit.

It is well established that in order to demonstrate a due process violation, a petitioner must show that he was deprived of a liberty or property interest protected under the Fifth Amendment. Greenholtz v. Inmates of Neb. Penal & Correctional Complex, 442 U.S. 1, 7 (1979). However, the Supreme Court has made it quite clear that a prisoner has no constitutional or inherent right in being released before the completion of a valid sentence. Id.; see also Sandin v. Conner, 515 U.S. 472, 484 (1995). In fact, directly on point with this case, several courts, including this one, have found that there is no protected liberty interest in discretionary early release under 18 U.S.C. § 3621(e) for completion of the RDAP. See Cook v. Wiley, 208 F.3d 1314, 1322-23 (11th Cir. 2000); Venegas v. Henman, 126 F.3d 760, 765 (5th Cir. 1997); Jacks v. Crabtree, 114 F.3d 983, 986 n. 4 (9th Cir. 1997); Fonner v. Thompson, 955 F.Supp. 638, 642 (N.D.W.Va. 1997).

**3.    Petitioner's Equal Protection Claim**

In the petition, Petitioner asserts that the BOP's decision that he was not eligible for the one-year sentence reduction is a violation of his equal protection rights. This claim is also without merit.

The equal protection clause provides that no person shall be denied equal protection under the laws. Therefore, to be successful on an equal protection claim, the petitioner must demonstrate that he has been treated differently from others who are similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination. See Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001).

Here, petitioner fails to assert that any similarly situated persons were treated differently than he, or that the alleged unequal treatment was the result of intentional or purposeful discrimination. In fact, the categorical exclusion of inmates convicted of offenses under 18 U.S.C. § 842 (explosive materials), clearly indicates that all inmates convicted of the same offense as the petitioner are treated exactly the same. Because petitioner cannot show that any inmate convicted of a violation under 18 U.S.C. § 842 has been deemed eligible for early release upon completion of the RDAP, petitioner has failed to show that his rights under the equal protection clause have been violated.

**4.     Petitioner's APA Claim**

The petitioner asserts that 28 C.F.R. § 550.58 violates the APA because the BOP did not comply with the notice and comment requirements of 5 U.S.C. § 551 in enacting the 1997 regulation. The APA requires administrative agencies, including the BOP, to provide notice of the proposed rule and a public comment period. See 5 U.S.C. §§ 551, 553 and 554; Chen Zhou Chai v. Carroll, 48 F.3d 1331 (4th Cir. 1995). The notice and comment period of the APA does not apply "to interpretative rules, general statements of policy, or rules of agency organization, procedure, or practice." 5 U.S.C. § 553(b)(3).

A regulation which does not comply with the APA is invalid. See Auer v. Robbins, 519 U.S. 452, 459 (1997). At least one district court has determined that the BOP violated § 553(b) and (d)

in enacting the 1997 regulation.  See Bohner v. Daniels, 243 F. Supp. 2d 1171 (D.Or. 2003). However,  petitioners' eligibility for early release in this case was not determined under the 1997 interim rule.  Petitioner was sentenced in 2005.   Thus, his eligibility  was considered pursuant to the 1997 rule, as properly finalized in December 2000, and there is no APA violation.  See Miller v. Gallegos, 125 Fed.Appx. 924, 2005 WL 256546 (10th Cir. 2005) (unpublished) (recognizing that while the 1997 interim regulations may have initially been invalid under the APA, the regulation was properly finalized prior to its application to the petitioner and the petitioner has no APA claim). Therefore, petitioners' APA claim is without merit and is due to be denied.

**5.      Petitioner's Claim that His Offense is Not A Crime Of Violence**

As his final argument, petitioner alleges is offense of conviction is not a crime of violence. In support of this argument, he calls the Court's attention to the decision rendered in U.S. v. Hull, 456 F.3d 133 (3rd Cir. 2006), wherein the court determined that the mere possession of a pipe bomb was not a crime of violence.  Hull, however is not applicable to petitioner's eligibility for early release upon completion of the RDAP.  Hull involved a motion to vacate a conviction under 18 U.S.C. § 842(p)(2)(A), in which the petitioner argued that simple possession of a pipe bomb, as opposed the use or detonation of a pipe bomb cannot qualify as a "federal crime of violence."  The 3rd Circuit found that because § 842(p) does not define "federal crime of violence," the Supreme Court had instructed courts to look at 18 U.S.C. § 16's definition of "crime of violence"[1] for the

---

[1] Section 16, found in the "General Provisions" chapter of the "Crimes" part of Title 18, provides:

The term "crime of violence" means-

(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

10

purposes of 18 U.S.C. §842(p).  See Leocal v. Ashcroft, 543 U.S. 1, 7 n. 4 (2004).

However, for purposes of the RDAP, the Fourth Circuit has determined that courts are not required to look to 18 U.S.C. § 16's definition of "crime of violence" to determine whether the BOP's categorization of offenses is appropriate.  In Cunningham v. Scibana, 259 F.3d 303 (4th Cir. 2001), the petitioner argued that her underlying offense of tampering with consumer products in violation of 18 U.S.C. § 1365(a) was not properly categorized by the BOP as a crime of violence. More specifically, she argued that her offense did not include the use of physical force, and therefore, did not constitute a "crime of violence" as defined by 18 U.S.C. § 16.  Therefore, she argued that she had been improperly denied consideration for early release upon completion of RDAP. After discussion of the semantics of "nonviolent offense" as used in 18 U.S.C. § 3621(e), versus "crime of violence" as used in other statutes, the Fourth Circuit concluded that the BOP was not bound by "§ 16's definition of 'crime of violence' for purposes of interpreting what a 'nonviolent offense' means in § 3621(e)."  Id. at 308.  The court went on to find that the BOP's decision to classify convictions under § 1365(a) as violent in all cases was "supported by experience and sound and consistent reasoning."   This same reasoning applies to the BOP's decision to classify convictions under § 842 as violent in all cases.

## V.  Recommendation

Based on the foregoing, the undersigned  recommends that the petitioner's §2241 petition(Doc.1) be **DENIED**, the respondent's Motion to Dismiss (Doc. 6) be **GRANTED**, and the petitioner's Motion for Summary Judgment (Doc. 8) be **DENIED**.

---

(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Within ten (10) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet. In addition, the clerk shall provide a copy to any counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: November 30, 2007.

  /s/ James E. Seibert  
JAMES E. SEIBERT  
UNITED STATES MAGISTRATE JUDGE