IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ROBERT C. McALONEY,

    Petitioner,

v.                                    Civil Action No. 5:07CV9
                                                    (STAMP)
WARDEN DOMINIC GUTIERREZ,

    Respondent.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING**
**REPORT AND RECOMMENDATION**

I. <u>Facts and Procedural History</u>

Currently pending before this Court and ready for disposition are the application for habeas corpus filed by <u>pro se</u>[1] petitioner Robert C. McAloney pursuant to 28 U.S.C. § 2241, the petitioner's motion for summary judgment, and the respondent's motion to dismiss.

The petitioner is currently serving a forty-one-month term of imprisonment for conspiracy to manufacture and distribute perchlorate explosive material without a license in violation of 18 U.S.C. § 842(a)(1) and § 371; manufacturing and distributing perchlorate explosive material without a license in violation of 18 U.S.C. § 842(a)(1); conspiracy to engage in the transportation of explosive materials in violation of 18 U.S.C. § 842(i)(1)(2) and

---

[1] "<u>Pro se</u>" describes a person who represents himself in a court proceeding without the assistance of a lawyer. <u>Black's Law Dictionary</u> 1237 (7th ed. 1999).

§ 371; transportation and receipt of 1.3g explosive material in interstate commerce by one without a federal license in violation of 18 U.S.C. § 842(a)(3)(A); and transportation and receipt of 1.3g explosive materials in interstate commerce by a convicted felon in violation of 18 U.S.C. § 842(i)(1) and § 844(a). As part of his sentence, the petitioner is eligible for, and has participated in, the Residential Drug Abuse Treatment Program ("RDAP") at the Federal Correctional Institution in Morgantown, West Virginia ("FCI-Morgantown"). Successful completion of RDAP generally qualifies an inmate to be considered for up to one year of early release. However, despite the petitioner's eligibility to participate in RDAP, Bureau of Prisons ("BOP") staff determined that his offenses of conviction precluded his being considered for early release because the offenses did not constitute "nonviolent" crimes as required by 18 U.S.C. § 3621(e)(2)(B).

The petitioner, who objects to the characterization of his convictions as failing the criteria for nonviolent offenses under § 3621(e)(2)(B), pursued the administrative remedies available to him, and subsequently filed this action on January 18, 2007. This action was referred to United States Magistrate Judge James E. Seibert, pursuant to Local Rule of Prisoner Litigation Procedure 83.09. In response to an order to show cause, issued by the magistrate judge on March 15, 2007, the respondent filed a motion to dismiss. The petitioner then filed a response, together with a motion for summary judgment. After reviewing the parties'

pleadings, the magistrate judge filed a report and recommendation in which he recommended that the petitioner's motion for summary judgment and his § 2241 habeas corpus petition be denied, and that the respondent's motion to dismiss be granted. The petitioner filed timely objections, and this matter is now ripe for review. For the reasons set forth below, this Court finds that the magistrate judge's report and recommendation should be affirmed and adopted in its entirety.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979).

In this case, within the allotted ten-day period, the petitioner filed objections. Accordingly, this Court reviews de novo the magistrate judge's report and recommendation.

## III. Discussion

### A. Preclusion of Early Release under RDAP for Inmates Convicted of Violent Crimes

Pursuant to 18 U.S.C. § 3621, the BOP provides qualified inmates with a program of substance abuse treatment. To encourage inmates to participate in such programs, Congress has authorized

the BOP to reduce by up to one year the sentences of prisoners who successfully complete the program and whose crimes of convictions are for nonviolent offenses. 18 U.S.C. § 3621(e)(2)(B). Specifically, § 3621(e)(2)(B) provides:

> The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be for more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B).

Thus, Congress has vested discretionary authority in the BOP to determine whether to grant early release to a prisoner who has successfully completed a BOP-sponsored substance abuse program. Importantly for purposes of this case, Congress permits early release only for inmates whose crimes are nonviolent offenses. However, Congress did not define the term "nonviolent offense" in § 3621. Where Congress does not define a term in a statute that delegates authority to an administrative agency, interpretation of the term is impliedly left to the agency responsible for administering the statute. See Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 844 (U.S. 1984). Here, that agency is the BOP. Initially, the BOP defined the term "nonviolent offense" by reference to 18 U.S.C. § 924(c)(3), which provides definitions for "crimes of violence." 28 C.F.R. § 550.98. Section 924(c)(3) defines "crime of violence as

   an offense that is a felony and--

>    (A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
>    (B) that by its nature, involves a substantial risk that physical force against the property of another may be used in committing the offense.

18 U.S.C. § 924(c)(3).

According to the BOP, any offense falling outside the definition of "crime of violence" under § 924(c)(3) constituted a "nonviolent offense" for purposes of § 3621(e)(2)(B). Under these prior regulations, the petitioner's offenses may have been deemed "nonviolent," thus making him eligible for consideration for early release.

Subsequently, however, the BOP modified its definition of "nonviolent offense." On October 9, 1997, the BOP published an interim rule amending the definition by excising reference to "crime of violence" under § 924(c)(3) and setting forth a list of criteria for early release consideration. 62 Fed. Reg. § 53,690 (1997). The final regulation was adopted on December 22, 2000. 65 Fed. Reg. § 80745. Under the amended regulation, certain categories of inmates are ineligible for early release. Included among them are "[i]nmates whose offense is a felony . . . that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including explosive material or explosive device) . . . ." 28 C.F.R. § 550.58. The modified regulation excludes from consideration for early release the petitioner, whose offenses include felony explosives violations.

The petitioner contends that the characterization of the offenses for which he was convicted is inaccurate on the facts of his particular case. He claims that the BOP's refusal to consider him for early release violates his due process and equal protection rights and that the BOP regulation categorically excluding inmates with explosives convictions from consideration for early release violates the Administrative Procedures Act. As relief, the petitioner asks this Court to order the BOP to reduce his sentence by one year, or, in the alternative, to re-evaluate the characterization of his crimes.

B. Due Process Claim

The petitioner argues that the BOP's refusal to consider him for a one-year sentence reduction violates his due process rights because the BOP has wrongly classified his offenses as violent crimes without considering the underlying facts. To succeed on his due process claim, the petitioner must demonstrate that the BOP decision not to consider him for early release has deprived him of a liberty or property interest, in violation of his Fifth Amendment protections. Here, the petitioner's claim seems to be that his right to be considered for early release constitutes a liberty interest. However, a protected liberty interest does not lie in the expectation of early release from prison before a valid sentence has run. Greenholtz v. Inmates of Nebraska Penal and Corr. Complex, 442 U.S. 1, 7 (1979); Sandin v. Conner, 515 U.S. 472, 484 (1995). Consequently, the petitioner's due process claim

must fail because early release consideration under 18 U.S.C. § 3621(e) for successful completion of RDAP does not constitute a protected liberty interest. That the BOP did not consider the underlying facts of the petitioner's offenses of conviction is immaterial.

C. <u>Equal Protection Claim</u>

As his second claim, the petitioner argues that the BOP has violated his equal protection rights by refusing to consider him for early release under RDAP. An equal protection claim requires, as a threshold matter, that the petitioner demonstrate that a governmental decision-maker has treated him differently from others similarly situated and that such unequal treatment was the result of intentional or purposeful discrimination. <u>Morrison v. Garraghty</u>, 239 F.3d 648, 654 (4th Cir. 2001).

BOP regulations categorically exclude from consideration for early release all inmates who, like the petitioner, have been convicted of an explosives violation under 18 U.S.C. § 842. In this case, the petitioner asserts no facts in his petition to support a claim that other inmates convicted of the same crime have been treated differently from him. The petitioner does not allege that BOP officials have considered the underlying facts in the convictions for other inmates convicted of explosives violations or that their refusal to do so in the petitioner's case is the result of intentional or purposeful discrimination. In his objections to the magistrate judge's report and recommendation, the petitioner

does make a blanket allegation that the BOP has considered the underlying facts in cases where inmates have been convicted of firearms violations; however, he does not allege that the BOP has treated inmates convicted of explosives violations differently from the petitioner, nor does he demonstrate intentional or purposeful discrimination. Because the petitioner has failed to demonstrate that any inmate convicted of an explosives violation has been considered for early release upon successful completion of RDAP, let alone that he was treated differently because of intentional or purposeful discrimination, the petitioner's equal protection claim must fail.

D.  <u>Administrative Procedures Act Claim</u>

The third ground which the petitioner raises in support of his 2241 petition is that the BOP's regulation listing the criteria for early release, 28 C.F.R. § 550.58, violates the Administrative Procedures Act, which requires administrative agencies to provide for a period of public notice and comment before promulgating a rule. <u>See</u> 5 U.S.C. §§ 551, 553, and 554. Failure to comply with this requirement renders an agency regulation invalid. <u>See, e.g.</u>, <u>Auer v. Robbins</u>, 519 U.S. 452, 459 (1997).

According to the petitioner, the BOP failed to provide for a period of public notice and comment before issuing the interim rule in 1997. Consequently, he argues, the regulation is invalid. As the magistrate judge noted, however, the BOP regulation was properly finalized in December 2000, thereby curing any notice and

comment procedural deficiencies in the interim regulations. The petitioner was sentenced in 2005. Therefore, even assuming, arguendo, that the 1997 interim rule violated the APA, the regulation was properly finalized before its application to the petitioner. Consequently, the petitioner has no APA claim.

E. Crime of Violence

Finally, the petitioner argues that the BOP must consider the underlying conduct of a particular conviction to determine whether any given inmate has perpetrated a crime of violence. In support of his claim, the petitioner relies upon United States v. Hull, 456 F.3d 133 (3d Cir. 2006) ("Hull"), and Cunningham v. Scibana, 259 F.3d 303 (4th Cir. 2001) ("Cunningham").

The petitioner's reliance is misplaced. Hull, a case decided by the United States Court of Appeals for the Third Circuit, construed "crime of violence" in 18 U.S.C. § 842(p)(2)(A) by reference to the definition of "crime of violence" in 18 U.S.C. § 16 to determine that mere possession of a pipe bomb does not constitute a crime of violence. Hull, 456 F.3d at 137-38, 141. However, Hull involved construing the substantive terms of an offense in a motion to vacate a conviction; it did not involve a sentence reduction for successful completion of RDAP. Consequently, Hull is inapplicable to the petitioner's case.

In Cunningham, the United States Court of Appeals for the Fourth Circuit concluded that courts need not refer to the definition of "crime of violence" in 18 U.S.C. § 16 to determine

whether the BOP's categorization of offenses is appropriate for purposes of RDAP sentence reductions. Cunningham, 259 F.3d at 305. The petitioner in that case challenged the BOP's categorization of her offense--tampering with consumer products, in violation of 18 U.S.C. § 1365(a)--as a crime of violence, which made her ineligible for an RDAP sentence reduction. The court held that the BOP's classification of the offense as always violent was reasonable in light of the BOP's "'body of experience and informed judgment.'" Id. at 308 (quoting Skidmore v. Swift & Co., 323 U.S. 134, 140 (1944).

Here, the petitioner argues that the Fourth Circuit in Cunningham relied upon the facts of the particular case under review to conclude that the BOP's exclusion of the offense tampering with consumer products from the category of nonviolent crimes was reasonable. The petitioner misinterprets Cunningham. Although the Fourth Circuit reviewed the particulars of the events leading to the Cunningham petitioner's conviction, the rationale of the case recognizes the BOP's discretion to categorically exclude the offense of tampering with consumer products from nonviolent designation, regardless of the underlying facts of a given case. Similarly, this Court finds that the BOP has relied upon its experience and informed judgment to exclude explosives offenses from the category of nonviolent crimes. Consequently, this Court concludes that the BOP need not consider the underlying facts of

the petitioner's offense to determine whether he is eligible for a sentence reduction for successfully completing RDAP.

IV. Conclusion

Based upon a de novo review of the petitioner's claims, this Court finds that the magistrate judge's report and recommendation should be and is hereby adopted and affirmed in its entirety. Accordingly, the petitioner's motion for summary judgment is DENIED; the respondent's motion to dismiss is GRANTED; and the petitioner's § 2241 petition for habeas corpus is DENIED and DISMISSED. In addition, it is hereby ORDERED this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date that the judgment order in this case is entered. See Fed. R. App. P. 4(a)(1). He is further advised that a certificate of appealability is not required for a federal prisoner proceeding under 28 U.S.C. § 2241. See 28 U.S.C. § 2253(c)(certificate of appealability is required in a § 2255 proceeding or in a habeas corpus proceeding in which the detention complained of arises from process issued by a State court); see also Fed. R. App. P. 22; Drax v. Reno, 338 F.3d 98, 106 n.12 (2d Cir. 2003).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the petitioner and counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: March 4, 2008

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE